*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-199

FEBRUARY TERM, 2013

| | | |
|---|---|---|
| Showntie Dobrynski | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Essex Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Gerald Dobrynski | } | DOCKET NO. 24-6-09 Exdm |

Trial Judge: Robert P. Gerety

In the above-entitled cause, the Clerk will enter:

Husband appeals an order of the family division, superior court, distributing the marital property in this divorce action. We remand the matter for the superior court to put in place a mechanism for transferring title to real property currently in husband's name but awarded to wife in the divorce order. In all other respects, we affirm the superior court's judgment.

The parties began living together in 1997, married in 2004, and separated in 2009. They have one child born in August 1998. The parties entered into a settlement agreement granting wife legal and physical parental rights and responsibilities with respect to their child, but contested issues concerning distribution of the marital assets and spousal support.

The parties met in Vermont, where wife lived. Husband lived in Connecticut. They lived together in Connecticut at the beginning of their relationship, but wife moved back to Vermont with her children from her first marriage soon after the parties' child was born. From then on, husband remained in Connecticut, where he was employed, and traveled to Vermont on weekends to be with his family. Husband earned an average annual salary of approximately $100,000 for the last several years before his employment was terminated during the divorce proceedings. Wife was the primary caregiver of the parties' child during the marriage and managed some of the commercial properties owned by the parties. Husband owned several pieces of real estate when he began his relationship with wife. He continued to purchase real estate, most of which was kept in his name or his name and other partners, during the marriage. At the time of the divorce, the marital estate included a dozen properties. The total equity in those properties exceeded one-half million dollars.

In its final divorce order, the superior court concluded that husband should receive more than fifty percent of the marital assets because the marriage lasted less than fifteen years and husband had brought into the marriage a significantly greater portion of the marital assets. The court also concluded, however, that wife was entitled to a significant share of the marital property because both parties had labored to preserve and improve the real estate during the length of their relationship. The court further concluded that mother would receive an additional $18,000 in marital assets in lieu of a maintenance award.

On appeal, husband raises several issues concerning the court's distribution of the marital estate. First, he argues that the trial court erred by failing to provide a mechanism to effectuate its property distribution. He points out that he holds title to most of the real property awarded to wife, with the concomitant tax and mortgage liabilities, and yet the court did not require that title be transferred to wife, with no continuing liability for husband.

We note that the court apparently believed that it had resolved husband's concern. In its order, the court stated that wife "shall be solely responsible to pay all expenses associated with the property awarded to her including but not limited to the mortgage, taxes and insurance and including ALL indebtedness secured by the property and she shall indemnify and hold [husband] harmless for payment of the same." Thereafter, the court directed that the "parties shall execute and deliver all documents, including quit claim deeds . . . and all other documents necessary to carry out the terms and provisions of this order." Reading these together, we interpret that the court expected that husband would transfer title to the properties to wife, and wife would be responsible for mortgage payments and property taxes on the properties.

We agree with husband, however, that even with these provisions husband would likely remain exposed to liability on the notes secured by the mortgages and possibly for taxes on the properties. Transferring formal title may eliminate some of that liability, but it is likely that much of the liability would remain until wife refinanced the debt secured by the properties to pay off the notes and mortgages in husband's name. Absent a specific justification for keeping husband responsible for the property-secured debts, which we do not see in this case, we conclude that the court must include in its order a specific method and timeline for transferring the property to wife that would discharge husband's debt obligation, normally through refinancing or selling the property.

Second, husband argues that the superior court failed to make findings regarding the value of significant personal property in Vermont awarded exclusively to wife. Husband's reliance on Harris v. Harris, 149 Vt. 410 (1988), in support of this argument is misplaced. In Harris, this Court reversed the property distribution because the trial court had failed to address the personal property of the parties, "[d]espite receiving evidence on the issue." Id. at 420-21. Here, in contrast, the court made the following statement regarding the parties' personal property:

> The parties also own numerous items of personal property. Much of the property has been sold and the money used to pay bills during the divorce. The evidence regarding the value of the various items of personal property including, but not limited to, motor vehicles was not credible and the court is not able to make findings regarding the value of the personal property.

Thus, the court did not ignore critical evidence on highly valued personal property, as in Harris, but rather concluded that the evidence on the value of the property was not credible. Husband fails to adequately challenge the trial court's credibility determination. He states on several occasions in his brief that there was substantial evidence at trial concerning the significant value of the parties' personal property, not all of which was sold at auction, but he fails to cite to the record to support these statements. He was required to do so, particularly in this case in light of the court's statement that there was no credible evidence concerning the value of the personal property. See V.R.A.P. 28(a)(4) (requiring arguments in appellant's brief to include citations to "parts of the record relied on"); see Quazzo v. Quazzo, 136 Vt. 107, 111 (1978) (stating that "we do not search the record for error not adequately briefed or referenced").

2

The superior court acknowledged the parties' substantial personal property, but in the end, simply awarded the personal property located in Vermont in wife's possession to wife and the personal property in Connecticut in husband's possession to husband. This decision is not inequitable on its face, particularly given the parties' separate households.

Third, husband argues that the court abused its discretion in weighing the relevant statutory factors contained in 15 V.S.A. § 751(b) for distributing the marital property. As part of the argument, he challenges the superior court's finding that the parties had been married fourteen years. We conclude that the court's finding on the length of the marriage is not clearly erroneous. The court found that the parties began dating shortly after they met in 1996, began living together in 1997, had a child in 1998, and married in 2004. These facts are not in dispute. The court then stated as follows: "They have been married just seven years but they have lived together as husband and wife for all practical purposes from the date of [wife's] divorce from her first husband, August 5, 1997, until the present date which is approximately fourteen years." The court repeated in its conclusions that "although the parties have been married just seven years they have lived together essentially as husband and wife for fourteen years." In support of his challenge to these statements, husband points out that the parties separated in 2009 and actually lived together only for a brief period. We find husband's protestations on these points unavailing. The court's challenged statements were directed more at the first seven years of the parties' relationship before they married than at the period following their separation. Obviously, the parties were not living together as husband and wife after their separation; yet they remained married until the divorce order issued. The court was well aware of the parties' circumstances—that they began living together in 1997 and separated in 2009. There was no misunderstanding over the length of their relationship. Moreover, the fact that the parties decided to reside separately in different states during the work week throughout much of their relationship did not preclude the court from concluding that they lived as husband and wife during that period.

Husband also argues that the court failed to give adequate consideration to wife's infidelity and to the fact that he brought most of the real property into the marriage. As for wife's alleged infidelity, husband once again fails to cite evidence in the record supporting his allegations. In any event, husband does not allege that any infidelity that might have occurred led to the breakup of the marriage. Indeed, he does not challenge the superior court's finding that wife sought to divorce him because of his hoarding tendencies, which reached the point where wife and the parties' child could not sit at their own dining-room table.

As for the origin of the bulk of the real property, the superior court recognized that husband brought much of the real property into the marriage and in fact gave more property to husband than it otherwise would have because of that fact. The court concluded, however, that other factors—such as wife's contribution to maintaining the parties' property over more than a decade and her financial circumstances—warranted giving her a substantial portion of the property. Husband has failed to demonstrate that the court abused its wide discretion in making such a judgment. See Wade v. Wade, 2005 VT 72, ¶ 13, 178 Vt. 189 (stating that "[t]he family court has broad discretion when analyzing and weighing the statutory factors [for property distribution] in light of the record evidence"). Nor has husband demonstrated that the court abused its discretion by awarding wife one of the Vermont properties with negative equity. He claims that he is in a better position than wife to remodel the property and make it an income-producing property, but this argument, standing alone, is insufficient to disturb the trial court's property distribution.

Finally, husband argues that the superior court made three mathematical errors in valuing the parties' real properties, resulting in approximately $10,000 of additional property value going to wife. Husband acknowledges that the alleged mistakes most likely resulted from the court applying the numbers set forth in his own trial exhibit, but he contends that the court was required to make an independent valuation and confirm the numbers presented by the parties. We decline to grant husband's request to reverse the superior court's order based on the court accepting husband's own valuation numbers, particularly where the alleged mistakes in valuation amount to a very small percentage of the total valuation of the properties.

The matter is remanded for the superior court to include in the divorce order specific requirements, including a timeline, for the transfer to wife of encumbered marital property distributed to her; in all other respects, the superior court's judgment is affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice